IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

**MARK ANTHONY GUTHRIE,**

    *Plaintiff*,

        v.        Civil Action No. 7:20-CV-43

**PHH MORTGAGE CORPORATION,
TRANS UNION, LLC, EQUIFAX, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, and EXPERIAN INFORMATION
SOLUTIONS,
INC.,**
    *Defendants*.

## NOTICE OF REMOVAL
## 28 U.S.C. §§ 1441 and 1446

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, SOUTHERN DIVISION:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant PHH Mortgage Corp ("PHH" or "Defendant"), by counsel, hereby removes this action from the Superior Court of Onslow County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Southern Division. Removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). In support thereof, PHH states as follows:

### I. BACKGROUND

1. This action was commenced on January 31, 2020, in the Superior Court for Onslow County, North Carolina, styled as *Mark Anthony Guthrie v. PHH Mortgage Corporation, et al.*, Case No. 20-CVS-000316 (the "State Court Action").

2. A copy of the complaint that initiated this action (the "Complaint") and state court pleadings are collectively attached hereto as **Exhibit A**.

3. The action is factually premised upon the alleged improper servicing and credit reporting of Plaintiff's mortgage loan (the "Loan") secured by the real property identified as 401 Joy Court, Jacksonville, North Carolina 28540 (the "Property). Compl. ¶¶ 34-183.

4. PHH was served with process in this case on February 6, 2020, and is removing the action within thirty (30) days of this date. Therefore, this removal is timely, pursuant to 28 U.S.C. §§ 1446(b).

5. PHH denies the allegations in the Complaint, denies that Plaintiff has a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## II. FEDERAL QUESTION JURISDICTION

6. Plaintiff's claims arise out of a mortgage loan serviced by PHH. Compl. *passim*.

7. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Here, federal question jurisdiction exists under 28 U.S.C. § 1331 because the Complaint alleges multiple claims "of which the district courts of the United States have original jurisdiction." *Id.* Specifically, Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227(b) *et seq.* Compl. ¶¶ 1, 242-319.

9. Plaintiff further alleges claims arising under state law, including the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1; the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50; the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-1; negligent or intentional infliction of emotional distress; and negligence. Compl. ¶¶ 187-241, 320-47.

10. Accordingly, federal question jurisdiction exists over this action because Plaintiff's allegations require resolving issues that arise under "the Constitution [and] laws" of the United States. Particularly, this matter necessitates the application of federal law, and that federal law determines the rights and liabilities of the parties, which warrants a proper exercise of federal question jurisdiction.

11. Because there is federal question jurisdiction over the claims as discussed above, this Court also has supplemental jurisdiction over all other remaining state law claims because those claims stem from the same operative facts and are so related that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. Accordingly, this case is removable.

### III. VENUE

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division embrace the Superior Court of Onslow County, North Carolina, the forum in which the removed action was pending.

### IV. CONSENT OF ALL DEFENDANTS

13. Pursuant to 28 U.S.C. §1446(b), TransUnion, LLC, Equifax, Inc., Equifax Information Services, LLC, and Experian Information Solutions, Inc., the only other defendants in this action, consent and join in PHH's removal of the instant litigation to this Court. See Consent Forms attached hereto as **Exhibit B.**

## V. NOTICE

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of Onslow County, North Carolina, and is being served on Plaintiff's counsel. A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit C.**

15. As of the date of this removal, PHH has not filed a responsive pleading to the Complaint. PHH reserves all rights to assert any and all defenses to the Complaint and further reserve the right to amend or supplement this Notice of Removal.

16. If any questions arise as to the propriety of the removal of this action, PHH requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, for the reasons stated above, Defendant PHH respectfully requests that the above-referenced case now pending in the Superior Court of Onslow County, North Carolina be removed to the United States District Court for the Eastern District of North Carolina, Southern Division, and for such other and further relief as this Court deems appropriate and just.

Dated: March 6, 2020	Respectfully submitted,

**PHH MORTGAGE CORPORATION**

By: /s/ Jamie E. Rudd
Jamie E. Rudd (N.C. Bar No. 50968)
TROUTMAN SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Telephone: (919) 835-4142
Facsimile: (919) 835-4101
Email: jamie.rudd@troutman.com

*Attorney for PHH Mortgage Corporaton*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020 this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, and sent via first class mail to the following:

Landon G. Van Winkle
PERDUE & STUBBS PA
9208 Falls of the Neuse Road
Raleigh, NC 27615
Email: lvanwinkle@stubbsperdue.com
*Counsel for Plaintiff*

Ted Roethke
Lewis Perling
KING & SPALDING
1180 Peachtree St. NE
Atlanta, GA 30309
Email: TRoethke@KSLaw.com
Email: LPerling@KSLaw.com
*Counsel for Equifax, Inc. and Equifax Information Services, LLC*

Caren Enloe
SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27609
Email: CEnloe@smithdebnamlaw.com
*Counsel for Experian Information Solutions, Inc.*

Robert C. DeRosset
YOUNG MOORE AND HENDERSON, P.A.
3101 Glenwood Ave, Ste 200
Raleigh, NC 27612
Email: Bob.DeRosset@youngmoorelaw.com
*Counsel for Trans Union, LLC*

**PHH MORTGAGE CORPORATION**

By: /s/ Jamie E. Rudd
Jamie E. Rudd (N.C. Bar No. 50968)
TROUTMAN SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Telephone: (919) 835-4142
Facsimile: (919) 835-4101

6
Case 7:20-cv-00043-BO    Document 1    Filed 03/06/20    Page 6 of 7

Email: jamie.rudd@troutman.com

*Attorney for PHH Mortgage Corporaton*